PROB 12C
(04/08)

February 11, 2013

Received in Chambers
FEB 13 2013
Roger T. Benitez
U.S. District Judge

# UNITED STATES DISTRICT COURT
# FOR THE
# SOUTHERN DISTRICT OF CALIFORNIA

FILED

2013 FEB 19 AM 11: 16

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

### Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Victor Nava (English)    **Dkt No.:** 09CR02155-001-BEN

**Reg. No.:** 15293-298

**Name of Sentencing Judicial Officer:** The Honorable Roger T. Benitez, U.S. District Judge

**Original Offense:** 21 U.S.C. 952 & 960, Importation of Marijuana, a Class D felony.

**Date of Sentence:** September 28, 2009

**Sentence:** 46 months in custody; three years' supervised release *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Type of Supervision:** Supervised Release    **Date Supervision Commenced:** September 6, 2012

**Asst. U.S. Atty.:** Daniel E. Zipp    **Defense Counsel:** James Gleave
(Appointed)
619-238-0677

**Prior Violation History:** None.

## PETITIONING THE COURT

## TO ISSUE A NO-BAIL BENCH WARRANT

The probation officer believes that the offender has violated the following condition(s) of supervision:

| **CONDITION(S)** | **ALLEGATION(S) OF NONCOMPLIANCE** |
|---|---|
| **(Mandatory Condition)**<br>The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. Submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter. Testing requirements will not exceed submission of more than four (4) drug tests per month during the term of supervision, unless otherwise ordered by the court. *(nv3)* | 1. Mr. Nava failed to submit a urine sample at Alpha Recovery Center on November 28, December 3, 13, 20, and 28th, 2012, as directed. |

***Grounds for Revocation:*** As to allegation one, I have received and reviewed the Alpha Recovery Center monthly treatment reports dated November 30 and December 31, 2012, which confirm Mr. Nava failed to submit urine samples on the above noted dates.

| | |
|---|---|
| **(Special Condition)**<br>Participate in a program of drug or alcohol abuse treatment, including urinalysis or sweat patch testing and counseling, as directed by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on ability to pay. *(nv21)* | 2. Mr. Nava failed to attend group counseling at Alpha Recovery Center on November 13, December 11 and 26th, 2012, as directed.<br><br>3. Mr. Nava failed to schedule an individual counseling session at Alpha Recovery Center during the month of December, 2012, as directed. |

***Grounds for Revocation:*** As to allegation two, I have received and reviewed the Alpha Recovery Center monthly treatment reports, dated November 30 and December 31, 2012, that confirm Mr. Nava failed to attend group counseling on the above noted dates. On October 4, 2012, Mr. Nava was directed in writing to begin group and individual counseling. According to the monthly treatment report, Mr. Nava attended group on November 13, 2012, for approximately five minutes before he excused himself to use the restroom. He failed to return to the group.

As to allegation three, I have received and reviewed the monthly treatment report, dated December 31, 2012, which confirms Mr. Nava failed to schedule a session for the month of December 2012. Individual counseling sessions are scheduled on a month to month basis.

**(Standard Condition)**
Report to the probation officer and submit a truthful and complete written report within the first five days of the month. *(nv7)*

4. Mr. Nava failed to submit written monthly report forms to the U.S. Probation office for the months of November and December, 2012.

***Grounds for Revocation:*** As to allegation four, Mr. Nava was directed to submit a monthly written report form within the first five days of each month. He did not submit a report for the above noted months.

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

Mr. Nava reportedly found some success in the first two months of supervision. He obtained employment and began attending substance abuse treatment. Unfortunately, shortly after the commencement of supervision, he discontinued participating in treatment, failed to submit urinalysis and failed to make himself available for supervision.

### OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Mr. Nava was supervised in the Western District of Texas. He resided with his parents and was employed as a general laborer for an energy services company. Mr. Nava's criminal history began as a juvenile; he has adjudications and convictions for carjacking, possession of stolen property, battery, robbery, and evading an officer. Finally, Mr. Nava has a history of marijuana, cocaine, methamphetamine and alcohol abuse.

### SENTENCING OPTIONS

### CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

Mandatory Revocation: If it is determined that the offender has violated the conditions of supervised release by refusing to comply with drug testing, the court is required to revoke supervised release and impose a sentence that includes a term of imprisonment. 18 U.S.C. § 3583(g)(3), and USSG § 7B1.4, p.s., comment. (n.5).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 2 years. 18 U.S.C. § 3583(e)(3).

**USSG Provisions:** The allegations (failure to submit to urinalysis, failure to participate in individual counseling, failure to attend group treatment, and failure to submit written monthly report forms) constitute Grade C violations. USSG § 7B1.1(a)(3), p.s.

Upon a finding of a Grade C violation, the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG § 7B1.3(a)(2), p.s.

A Grade C violation with a Criminal History Category V (determined at the time of sentencing) establishes an **imprisonment range of 7 to 13 months.** USSG § 7B1.4, p.s. It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG § 7B1.4, p.s., is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... provided that at least one-half of the minimum term is satisfied by imprisonment. USSG § 7B1.3(c)(2), p.s.

## REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of 3 year(s) supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(b).

## JUSTIFICATION FOR BENCH WARRANT

Mr. Nava has failed to make himself available for supervision. He has a history of violence and drug abuse. A bench warrant is necessary to bring Mr. Nava before the Court to address the allegations herein.

## RECOMMENDATION/JUSTIFICATION

Mr. Nava has discontinued treatment and has not made himself available for supervision. Based on his initial compliance, it would appear he may be amenable to supervision. However, a period of time in custody will

hopefully provide him motivation to change his negative behavior and strive for sobriety and success.

Should the allegations in this petition be sustained, it is respectfully recommended Mr. Nava be sentenced to seven months of custody to be followed by 29 months' supervised release. All previously imposed terms and conditions of supervision are recommended.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on: February 11, 2013**

Respectfully submitted:
DAVID J. SULTZBAUGH
CHIEF PROBATION OFFICER

by _____
Kate McClory
Senior U.S. Probation Officer
619-409-5116

Reviewed and approved:

_____
Lisa Coen
Supervising U.S. Probation Officer

PROB12CW                                                         February 11, 2013

# VIOLATION WORKSHEET

1. **Defendant:** Nava, Victor

2. **Docket No. (Year-Sequence-Defendant No.):** 09CR02155-001-BEN

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

   | Violation(s) | Grade |
   |---|---|
   | failure to submit to urinalysis | C |
   | failure to participate in individual counseling | C |
   | failure to attend group treatment | C |
   | failure to submit written monthly report forms | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))     [ C ]
5. **Criminal History Category** (*See* USSG § 7B1.4(a))            [ V ]
6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))         [ 7 to 13 months ]

7. **Unsatisfied Conditions of Original Sentence:** List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

   Restitution ($) _____      Community Confinement _____
   Fine($)         _____      Home Detention          _____
   Other           _____      Intermittent Confinement _____

**THE COURT ORDERS:**

__✓__  A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS.

_____  THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

_____  Other _____

_____  2/13/2013
The Honorable Roger T. Benitez  Date
U.S. District Judge

EOA